UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Ernest C. Aldridge,<br><br>              Plaintiff,<br><br>      v.<br><br>Federal National Mortgage Association,<br><br>              Defendant. | Case No. 2:21-cv-01816-JCM-DJA<br><br>**Order** |

       This is a quiet title action arising out of *pro se* Plaintiff Ernest C. Aldridge's allegation that he is the rightful owner of a Nevada property. Plaintiff sues Defendant Federal National Mortgage Association ("Fannie Mae") for damages over this claim. Plaintiff amended his complaint without first moving to do so and filed a "notice of a crime" in which he claims Fannie Mae's counsel has no authority to represent it. (ECF Nos. 14 and 15). Fannie Mae moved to strike the amended complaint for Plaintiff's failure to move to amend and for being identical to Plaintiff's previously amended complaint. (ECF No. 18). Fannie Mae also moved to strike the "notice of a crime" for being immaterial and scandalous. (ECF No. 19). Plaintiff did not respond to either motion.

       Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Ninth Circuit has noted that "[u]nder the express language of the rule, only pleadings are subject to motions to strike." *Sidney-Veinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion." LR 7-2(d).

The Court grants Fannie Mae's motion to strike Plaintiff's amended complaint but denies its motion to strike Plaintiff's "notice of a crime." Plaintiff's amended complaint is a redundant pleading. It is identical to the operative complaint in this case, and thus serves no purpose. Plaintiff has also not responded to the motion to strike, constituting his consent to granting the motion.

However, Plaintiff's "notice of a crime" is not a pleading the Court can strike, or even an actionable motion. Instead, it is a confusing document apparently asserting that Fannie Mae's counsel is "impersonating" Fannie Mae. While the Court agrees that the notice could be interpreted as scandalous, as Fannie Mae has demonstrated in its motion to strike, Fannie Mae can easily form arguments against its allegations. The Court thus denies Fannies Mae's motion to strike the "notice of a crime."

**IT IS THEREFORE ORDERED** that Fannie Mae's motion to strike Plaintiff's amended complaint (ECF No. 18) is **granted.**

**IT IS FURTHER ORDERED** that Fannie Mae's motion to strike Plaintiff's "notice of a crime" (ECF No. 19) is **denied.**

DATED: January 31, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE